# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3071

_____

United States of America,

*Plaintiff - Appellee,*

v.

Dusty Oldson,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: March 11, 2013
Filed: July 22, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After Dusty Oldson violated the terms of his supervised release, the district court[1] sentenced him to 24 months' imprisonment with no further term of supervised

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

release. Oldson argues that the district court failed to give adequate weight to factors supporting leniency and imposed a term of imprisonment that is substantively unreasonable. We affirm.

In 2007, Oldson pleaded guilty to one count of arson. The district court[2] sentenced him to 46 months' imprisonment, followed by five years of supervised release. He completed his term of imprisonment and began his term of supervised release on February 16, 2011.

Oldson violated conditions of his supervised release by using drugs and by failing to participate in substance abuse and residential reentry programs. In October 2011, after a revocation proceeding, the district court sentenced him to 2 months' imprisonment followed by four years' supervised release. Oldson completed this second term of imprisonment and commenced supervised release again on December 6, 2011. After the government alleged violations of supervised release in March 2012, Oldson was ordered into a program for offenders who relapse into drug use.

In July 2012, after Oldson again violated conditions of his supervised release, the government petitioned to revoke Oldson's supervised release. At a revocation hearing, Oldson admitted that he had used drugs, possessed drug paraphernalia, and failed to reside and participate in a residential reentry center as required. The advisory guideline range for the violations was 5 to 11 months' imprisonment, *see* USSG § 7B1.4(a), and the statutory maximum penalty was five years' imprisonment. 18 U.S.C. § 3583(e)(3). The district court revoked Oldson's supervised release, imposed a sentence of 24 months' imprisonment, and declined to order additional supervised release.

---

[2]The Honorable Andrew W. Bogue, late a United States District Judge for the District of South Dakota, who presided in the case in 2007.

After correctly calculating the advisory range of 5 to 11 months' imprisonment, the court informed Oldson it was "very seriously considering an upward variance to something in the range of 36 months of incarceration" because "it doesn't look . . . like Mr. Oldson is supervisable." Oldson urged leniency, because he was in a new, "much healthier relationship" and, as an expectant father, "want[ed] to be there for [his] baby."

The district court concluded that supervised release "isn't working" for Oldson, and that the advisory guideline range did not adequately account for Oldson's conduct and his long history with the court. The court commended Oldson for finding a job and observed that it was a healthy choice for him to dissociate from a former spouse who was a drug user. But the court emphasized Oldson's multiple violations of his supervised release conditions, including his repeated drug and alcohol use, and his failure to participate in a residential reentry program.

The court also expressed "deep concern" about Oldson's dangerousness to himself and to the community, because of a serious self-inflicted injury Oldson sustained when he attempted to cut off his hand with a meat cleaver after ingesting some kind of intoxicant. The court considered Oldson's relationship with his girlfriend and his impending fatherhood, but believed that Oldson's behavior was "way beyond relapse." The court concluded that because its prior efforts to deter Oldson from criminal conduct had been unsuccessful, a term of imprisonment was warranted. The court also considered the need to avoid sentence disparities and observed that it had imposed substantial prison terms for supervised release violations in similar circumstances.

Oldson argues that his sentence is substantively unreasonable, because the district court failed to give adequate weight to mitigating facts, and gave too much weight to Oldson's potential danger to the community. Applying a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), we disagree.

Given Oldson's recidivism, the ineffectiveness of prior efforts at rehabilitation, Oldson's potential danger to himself and others, and the need to provide just punishment, it was reasonable to conclude that further supervised release would be fruitless and that a final term of imprisonment was appropriate. *See* 18 U.S.C. § 3553(a)(1), (a)(2). The term of imprisonment was greater than that recommended by the advisory guidelines, but the court did not require Oldson to serve an additional term of supervised release, and it justified the upward variance. There was no abuse of discretion.

\* \* \*

The judgment of the district court is affirmed.

_____